STATE OF IOWA ex rel. BOARD OF RAILROAD COMMISSIONERS, Appellant, v. W. J. HOLDCROFT et al., Appellees.

SEPTEMBER 28, 1928.

REHEARING DENIED JANUARY 23, 1929.

*Dwight Lewis, Stephen Robinson, Maxwell O'Brien, O. T. Naglestad,* and *A. D. Clem,* for appellant.

*Griffin, Griffin & Griffin* and *A. L. Calderhead,* for appellees.

EVANS, J.—It appears from the record that the defendant Holdcroft, on and prior to May, 1925, and ever since, was and is engaged in rendering public service as a motor carrier upon the public highway between Sioux City and the town of Sloan; that, in May, 1925, he filed an application with the commission for a certificate, as provided by Chapter 5, Acts of the Forty-first General Assembly; that, upon hearing, such application was

denied; that, in August, 1925, he presented a second application to like effect, and this was denied; that said defendant has at all times since disregarded the order of the commission, and has continued his public service as a motor carrier upon said highways at all times in violation of the statute. The defense was predicated upon the broad ground that the acts charged against the defendant were mere violations of the statute, and not of the order of the commission; that they were defined by the statute as misdemeanors, and punishable as such; that, in the absence of an express statute authorizing the suit, the State could not maintain a suit in equity to restrain the commission of a crime; that there is no express statute which authorizes a suit in equity for such purpose. Such contention of the defendant's was sustained by the ruling of the court.

Jurisdiction is conferred upon the railroad commission to regulate and control motor carriers in the use of public highways by Chapter 5, Acts of the Forty-first General Assembly. Section 4 of such chapter makes it unlawful for "any motor carrier to operate or furnish public service within this state without first having obtained from the commission a certificate," etc. Section 18 of the same chapter fixes a punishment for the violation thereof as a misdemeanor. Section 7874, Code of 1924, provides as follows:

"The board shall have general supervision of all railroads in the state, express companies, car companies, sleeping car companies, freight and freight line companies, interurban railway companies, motor carriers, and any common carrier engaged in the transportation of passengers or freight by railroads, except street railroads, and also all lines for the transmission, sale, and distribution of electrical current for light, heat, or power, except in cities and towns. It shall investigate any alleged neglect or violation of law by any such common carrier, its agents, officers, or employees."

We shall have occasion to consider only the question whether there is statutory authority for the maintenance of this suit in equity. The argument for appellee is predicated wholly upon the theory that there is no such statutory authority.

Section 7883, Code of 1924, provides as follows:

"The district courts of this state shall have jurisdiction to

enforce, by proper decrees, injunctions, and orders, the rulings, orders, and regulations affecting public rights, made by the board as authorized by law for the direction and observance of railroads in this state. The proceedings therefor shall be by equitable action in the name of the state, and shall be instituted by the commerce counsel, whenever advised by the board that any railway corporation, or person operating a line of road in this state, is violating and refusing to comply with any rule, order, or regulation made by the board, and applicable to such railroad or person.''

The foregoing had its origin as Section 2119 of the Code of 1897. As will be noted, it has reference to "railroads" exclusively. Manifestly, it did confer authority upon the commission to maintain equity suits in the courts of the state against any railroad for the enforcement of the orders and regulations of the commission.

Section 7874 had its origin in Sections 2112 of the Code of 1897 and 2120-n, Code Supplement of 1913, neither of which sections included "motor carriers" within their provisions. This term was included by later amendments, which are incorporated in the present Section 7874. In comparing Section 7874 with 7883 of the Code of 1924, it will be observed that "general jurisdiction" is conferred by Section 7874 upon the railroad commission over railroad carriers and "motor carriers;" whereas, under Section 7883, jurisdiction of courts to enforce orders is confined to those orders affecting railroad carriers. The "motor carrier" was not included in the enumeration. This omission is suggestive of legislative oversight. Section 2 of Chapter 5, Acts of the Forty-first General Assembly, provides as follows:

"All control, power and authority over railroads and railroad companies now vested in the commission, in so far as the same is applicable, are hereby specifically extended to include motor carriers.''

The foregoing necessarily operates as an amendment of Section 7883 so as to include "motor carriers" in its enumeration. The necessary effect of the later legislation is to confer upon the railroad commission the same "power and authority over motor carriers" as it has over railroad carriers, in the enforcement of its orders; and therefore to confer upon the courts

the same jurisdiction to entertain a suit in equity against "motor carriers" as it had to entertain a suit in equity against railroad carriers. To recapitulate briefly: Section 7874 included motor carriers within the supervisory power of the railroad commission. Section 2, Chapter 5, Acts of the Forty-first general assembly, subjected such "motor carriers" to the jurisdiction of the courts at the suit of the railroad commission. This later enactment restored consistency between Sections 7874 and 7883. We perceive no reason for saying that the "power and authority" of the commission to enforce its orders by a suit in equity were not conferred thereby. To declare such reservation would be to say that the commission has less "power and authority" over "motor carriers" than it has over railroad carriers. The clear effect of Section 2 was to write "motor carriers" into the enumeration of Section 7883, and to join the same with the word "railroads" substantially in the same manner as the same terms had already been joined in Section 7874, Code of 1924.

This conclusion is decisive of the appeal, and we have no occasion to determine the scope or the limitations of the equity jurisdiction in matters affecting public rights, as distinguished from an invasion of private rights.

The decree of the district court must, accordingly, be reversed. Decree will be entered here as herein indicated.—*Reversed.*

All the justices concur.